RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9 / 26 / 12
   JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **LEONARD SAPP** | **CIVIL ACTION NO. 1:12CV1824** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **USA, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Pro se petitioner Leonard Sapp, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He attacks a sentence imposed in 2003 of 360 months of imprisonment.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Following trial by jury, Petitioner was convicted of conspiracy to possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute at least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841. On January 24, 2003, he was sentenced to 360 months of imprisonment. Petitioner appealed, but the conviction and sentence were affirmed on June 10, 2004. See United States v. O'Neal, 362 F.3d 1310 (11th Cir. 2004). On further review, the United States Supreme Court vacated the Eleventh

Circuit's decision as to Leonard Sapp and remanded the case to the appellate court for reconsideration in light of U.S. v. Booker, 543 U.S. 220 (2005). See Leonard Sapp v. United States, 543 U.S. 1106 (2005). On remand, the Eleventh Circuit determined that, because the defendant had not raised the issue of the constitutionality of the Guidelines or argued that his right to trial by jury was violated as a result of judicial fact-finding that enhanced the sentence, the Booker argument was abandoned. The appellate court reinstated its decision affirming Sapp's conviction and sentence. The Supreme Court denied certiorari. Sapp v. U.S., 126 S.Ct. 1669 (April 3, 2006).

On November 27, 2006, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255[1], which was denied on June 27, 2007. [06-cv-61784; #7]. On March 27, 2008, Petitioner filed a Motion to Reduce Sentence pursuant to 18 U.S.C. §3582. [01-cr-6244; Doc. #284] Petitioner sought a reduction based on amendments to the Sentencing Guidelines relating to crack cocaine offenses despite his career offender status. [Id.; p.1] The Court noted that the amendments did not change Petitioner's guideline range because his range was determined by his career offender status, not because of his base

---

[1] Petitioner raised the following claims: (1) Manifest injustice resulted from the Eleventh Circuit's failure to address his Booker claim on the merits as ordered by the Supreme Court in its remand; (2) Counsel was ineffective for failing to challenge the §851 enhancement because the government failed to file the mandatory notice of enhancement prior to trial; (3) Counsel was ineffective for failing to challenge the indictment's failure to give notice of what crack cocaine is, and the court's failure to instruct the jury of the same; (4) Counsel was ineffective for failing to challenge the Court's erroneous application of the career criminal enhancement because the government failed to provide him with sufficient notice, and Amendment 506 precluded the thirty year sentence.

2

offense level. The motion was denied on July 21, 2009. [01-cr-6244; Doc. #302] The Eleventh Circuit Court of Appeals affirmed the decision on March 25, 2010. [01-cr-6244; Doc. #309] U.S. v. Sapp, 370 Fed.Appx. 63, 2010 WL 1141061 (11th Cir. 2010), *writ denied* 131 S.Ct 229 (2010).

On June 29, 2012, Petitioner filed the instant 2241 petition challenging the sentencing court's application of the career offender provision.

### Law and Analysis

A writ of habeas corpus filed under § 2241 and a motion to vacate, set aside, or correct a sentence filed under § 2255 are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is generally used to attack the manner in which a sentence is executed. Id. A petition filed under §2241 which attacks errors that occurred at trial or sentencing should be construed as a §2255 motion. Id. at 877-78. A federal prisoner may attack the validity of his conviction in a §2241 petition only if he can meet the requirements of §2255(e)'s savings clause. See Kinder v. Purdy, 222 F.3d 209, 212 (5th Cir. 2000). The prisoner bears the burden of showing that the remedy under §2255 would be "inadequate or ineffective to test the legality of his detention."

§2255(e); Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). A petitioner's inability to meet the procedural requirements of §2255 is insufficient to meet this burden. See Pack, 218 F.3d at 452-53. Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." Reyes-Requena v. United States, 243 F.3d at 904.

Petitioner has failed to identify a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense. He cites Gilbert v. U.S., 609 F.3d 1159 (11th Cir. 2010), in support of his claim that he is entitled to habeas relief via the savings clause because he is "actually innocent" of being a career offender. However, aside from being an Eleventh Circuit opinion and this being a Court within the Fifth Circuit, subsequent to the 2010 Gilbert ruling, and on rehearing en banc, the opinion was vacated and it was determined that Gilbert was not entitled to proceed under the savings clause. See Gilbert v. U.S., 640 F.3d 1293 (11th Cir. 2011). In fact, in vacating its earlier opinion, the 11th Circuit cited the Fifth Circuit case, which is controlling here, Kinder v. Purdy, 222 F.3d 209 (5th Cir.

2000).

In Kinder, the court held that a prisoner's claim that he was actually innocent of the career offender enhancement was not a claim that he was innocent of drug offense itself, and it did not permit the prisoner to pursue his claim by filing a habeas petition. It is clear that a claim of actual innocence of a career offender enhancement does not satisfy the requirements of the savings clause.

Petitioner has failed to show that his 28 U.S.C. §2255 remedies are ineffective and inadequate under the "savings clause". Therefore, the instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus under Section 2241 be **DENIED** and **DISMISSED** because the Court lacks jurisdiction to consider the claim. It is recommended that the dismissal be *with prejudice* as to the jurisdictional issue only, and *without prejudice* as to the merits of Petitioner's claim. See Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk**

of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 25th day of September, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

6